NO. 07-06-0102-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 22, 2007


______________________________



WILLIE RODRIGUEZ, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2005-409010; HONORABLE JIM BOB DARNELL, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Willie Rodriguez, seeks an appeal from two counts of indecency with a
child. Appellant contends that the trial court erred in allowing the cases to be submitted
to the jury without requiring the State to elect which incident or incidents would be evidence
of the two alleged criminal offenses. We affirm. 



Background 

 Appellant and his wife lived with their three children and appellant's step
granddaughter, Jessica Flores. When Flores was between nine and eleven years old,
appellant made sexual advances toward her on several occasions. These incidents
included: (1) appellant partially removing Flores's bathing suit and rubbing her vagina with
his hand; (2) appellant coaxing Flores with soft drinks to come into his room and then
pushing her onto the bed and rubbing her breasts and vagina; and (3) while returning to
Lubbock from a car trip, appellant fondling Flores's breasts. 

 Several years later, when Flores was 17 years old, Flores made her mother aware
of appellant's earlier actions and, consequently, went to the police station to file a report
detailing the inappropriate touching. Appellant was arrested and charged by a single
indictment with two counts of indecency with a child, one for touching Flores's breasts and
another count for touching Flores's genitals.

 At trial, the State introduced evidence of the three aforementioned incidents as well
as two extraneous incidents that occurred outside Lubbock County. After the State and
appellant rested, the trial court discussed the jury charge with the attorneys. During this
discussion, appellant's attorney stated, "I think they have to make an election as to which
one they're going on." Without acknowledging the statement, the trial court continued its
discussion of the jury charge concluding with request for any objections to the jury charge. 
After the State requested one additional jury instruction which was granted by the trial
court, both sides announced that they had no objections to the jury charge. The case then
went to the jury with both sides making closing statements. During the State's closing
statement, the prosecutor made the statement that "some people require 12 people to
force feed them responsibility. Some people require that." Appellant made no objection. 
Appellant was found guilty and sentenced to 20 years confinement in the Institutional
Division of the Texas Department of Criminal Justice.

 On appeal, appellant contends that the trial court erred in refusing appellant's
request to have the State elect which incident or incidents it was relying upon as evidence
of the two counts of indecency with a child. (1) We affirm.

 A party is required to preserve a complaint for appellate review by (1) making a
timely request, objection, or motion; (2) stating the grounds with sufficient specificity to
make the trial court aware of the complaint; and (3) obtaining from the trial court a ruling,
either expressly or implicitly, or a refusal by the trial court to rule on the request, objection
or motion. See Tex. R. App. P. 33.1. In this case, appellant's statement of "I think they
have to make an election as to which one they're going on" is not a request, objection or
motion. Further, the State correctly points out that, even if the statement can be construed
as a request, the statement is ambiguous in that, since the indictment included two
separate counts, appellant's statement could have referred to an election between the two
counts as easily as a reference to an election between incidents. Finally, assuming
arguendo that appellant's statement could be considered an objection with sufficient
specificity to notify the trial court of appellant's complaint, appellant did not obtain a ruling
either express or implicit. See Wilson v. State, 7 S.W.3d 136, 144 (Tex.Crim.App. 1999). 
A review of the circumstances surrounding appellant's statement of "I think they have to
make an election" fails to provide any evidence that would support an implicit ruling. See
Sauceda v. State, 129 S.W.3d 116, 124 n.6 (Tex.Crim.App. 2004) (an implied ruling can
be inferred from a trial court's actions). Neither the trial court nor the State acknowledged
appellant's statement nor provided any discussion from which we can infer any ruling or
action by the trial court. Hence, we conclude that appellant did not properly preserve his
complaint, and thus, presents nothing for review. 

 For the foregoing reasons, we affirm the trial court's judgment.


 Mackey K. Hancock

 Justice





 

Do not publish. 
1. Appellant also alleged that the State improperly commented on appellant's
exercise of his right to a jury trial during its closing argument. However, appellant concedes
that trial counsel did not make an objection to the State's comment. Hence, we find that
the issue has not been preserved. See Tex. R. App. P. 33.1; see also Cockrell v. State,
933 S.W.2d 73, 89 (Tex.Crim.App. 1996).



in mind different purposes to which his statement would be put. Yet, each
purpose entailed the investigation of the child's claim and use of the comments as a means
of assessing appellant's guilt or innocence. He may not have wanted to confess but that
is a distinction without a difference. After all, he undoubtedly knew that what he was going
to say would be used (at least during the administration of a polygraph) to determine his
culpability, and he talked nonetheless. And, without any evidence showing that he was
granted some type of license to speak without fear of prosecution or that his answers
would have differed had he undergone a polygraph or that he initially appeared against his
will, the trial court was well within its discretion to conclude that his written statement and
its contents were made under appellant's own free will. So, he was not entitled to the
instruction at issue.

 Accordingly, we affirm the judgment of the trial court.

 

 Brian Quinn

 Chief Justice 

 

Do not publish.

 
1. Playing "puppy" consisted of the two making believe that they were puppies chasing and licking each
other.
2. The investigator decided that the polygraph was no longer needed given the tenor of appellant's
written replies.